IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**KAREEM HASSAN MILHOUSE,** :
:
　　**Petitioner** : CIVIL NO. 1:CV-09-02331
:
　　v. : **(Judge Rambo)**
:
**B.A. BLEDSOE,** :
:
　　**Respondent** :

## M E M O R A N D U M

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by petitioner Kareem Hassan Milhouse ("Milhouse"), an inmate currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"). (Doc. 1.) Milhouse alleges that his constitutional rights were violated in the context of a disciplinary hearing. For the reasons that follow, the petition will be denied in part and dismissed without prejudice in part.

### I.　Background

At the time of the events relating to the instant claims, Milhouse was designated to the Special Housing Unit ("SHU") at the Federal Detention Center in Philadelphia, Pennsylvania ("FDC-Philadelphia"). (Doc. 6-2 at 5, Ex. 1 ¶ 7, A. Ackley Decl.) On October 31, 2007, at approximately 9:55 a.m., while Milhouse

was being escorted to the yard for his one hour of daily recreation, he told staff that he was going to take five hours of recreation instead of the one hour authorized by the Bureau of Prisons ("BOP") because he had not been provided recreation earlier in the week. (Doc. 6-2 at 13, Ex. 1, Attach. B, Incident Report.) Acting Lieutenant Smith informed Milhouse that the reason he had not received recreation earlier in the week was because he had refused recreation. (*Id*.) Lieutenant Smith also told Milhouse that he was now receiving recreation because that day he had complied with BOP policy with respect to recreation procedures. (*Id*.) In response, Milhouse stated, "You might as well put me in the dry cell because I am not leaving the recreation yard unless I get my 5 hours of recreation, I am not going back to my cell." (*Id*.) Milhouse then took a defensive posture in order to prevent staff from escorting him off the SHU range. (*Id*.) At that point, Lieutenant Smith and other staff members escorted Milhouse back to his assigned SHU cell. (*Id*.)

On October 31, 2007, at approximately 10:30 a.m., Lieutenant Smith completed Incident Report 1661624, charging Milhouse with a Code 307 violation, Refusing to Obey an Order. (*Id*.) The incident report was delivered to Milhouse that same day at approximately 6:30 p.m. (*Id*.)

On November 5, 2007, at approximately 3:40 p.m., the Unit Disciplinary Committee ("UDC") held a hearing to review the incident report. (*Id*. at 13-14.) Milhouse made the following statement at that hearing:

> None of that shit happened. When I got into the hall, Ms. Campbell called down range and Bittner told her to give me 1 hour because I refused recreation on Tuesday. But I didn't refuse on Tuesday. There was an emergency on Tuesday and no one went to rec. The only thing I wanted was my two hours that they missed on the 29th and 30th like they did for everyone else.

(*Id*. at 14.)

Upon consideration of the evidence, the UDC issued a decision, dated November 5, 2007, finding Milhouse guilty of committing the Code 307 violation, Refusing to Obey an Order. (*Id*. at 13.) In particular, based on the eyewitness account of Lieutenant Smith, the UDC determined that Milhouse had stated that he was not leaving the recreation yard unless he received five hours of recreation and that he was not returning to his cell. (*Id*.) As a result, Milhouse was sanctioned with one year loss of commissary privileges and one year loss of telephone privileges. (*Id*.)

On November 27, 2009, Milhouse filed the instant petition challenging the validity of the UDC's determination by alleging the following due process violations: (1) there was insufficient evidence; (2) he did not receive the incident

3

report within twenty-four hours of the incident; (3) he was denied the opportunity to present witness testimony; (4) he was denied the opportunity to present camera surveillance evidence; and (5) the sanctions imposed were excessive. (Doc. 1.) In addition, Milhouse claims he was subjected to excessive use of force during the incident and that the incident report was issued in retaliation. (*Id.*)

## II. Discussion

Upon review of the petition, the court concludes that Milhouse is not entitled to habeas relief on his due process claims or on his excessive use of force and retaliation claims.

### A. Due Process Claims

Milhouse fails to make a cognizable due process claim because the discipline he received does not implicate any liberty interests that are protected under the Due Process Clause. As a threshold matter, the court notes that Milhouse did not lose good conduct time. In *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974), the United States Supreme Court determined that, where a state provides a statutory right to good conduct time and specifies that it is to be forfeited only for serious misbehavior, inmates have a liberty interest at stake in disciplinary proceedings in which they lose good conduct time. *See also*

4

*Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (reiterating the holding in *Wolff* that inmates have a constitutionally protected interest in good conduct time); *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991) (same). Further, inmates are entitled to due process protection when a penalty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

In the instant case, Milhouse does not allege that he lost any good conduct time. Milhouse asserts only the penalties of one year loss of commissary privileges and one year loss of phone privileges. The loss of commissary privileges does not implicate a due process violation. *Reynolds v. Williamson*, 197 F. App'x. 196, 199 (3d Cir. 2006) (citing *Torres v. Fauver*, 292 F.3d 141, 150-51 (3d Cir. 2002)). Likewise, one year loss of phone privileges does not implicate a due process violation. *Santos v. Bureau of Prisons*, No. 1:05-cv-0008, 2006 WL 709509, at *2 (M.D. Pa. Mar. 20, 2006). Furthermore, these punishments collectively do not result in atypical or significant hardships in relation to the ordinary incidents of prison life. Accordingly, Milhouse is not entitled to relief based on the instant due process claims.

**B.** **Excessive Use of Force and Retaliation Claims**

In his petition, Milhouse claims that the staff used excessive force in returning him to his assigned SHU cell. (Doc. 1 at 7.) In addition, Milhouse claims that "it is obvious that this was done out of retaliation and I. Smith acknowledged this by stating 'I told you to quit with the paper work.'" (*Id*.) These claims do not implicate the fact or duration of Milhouse's confinement and are therefore not properly pursued in a habeas corpus petition. *Levi v. Holt*, 192 F. App'x. 158, 160 (3d Cir. 2006) (citing *Leamer v. Fauver*, 288 F.3d 532, 540-42 (3d Cir. 2002)). Rather, the Supreme Court has held that a civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate the constitution, but is not challenging the duration or length of his custody in prison. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Accordingly, Milhouse's claims regarding excessive use of force and retaliation will be dismissed without prejudice to any right Milhouse may have to reassert these claims in a properly filed civil rights complaint.[1]

---

[1] In this regard, the court expresses no opinion as to the merits, if any, of any civil rights claim Milhouse may file based upon the facts asserted herein.

## III. Conclusion

For the above-stated reasons, the due process claims in the petition will be denied. Further, Milhouse's claims of excessive use of force and retaliation will be dismissed without prejudice.

An appropriate order will issue.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge

Dated: January 13, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**KAREEM HASSAN MILHOUSE,** :
:
    Petitioner : CIVIL NO. 1:CV-09-02331
:
v. : (Judge Rambo)
:
**B.A. BLEDSOE,** :
:
    Respondent :

# O R D E R

**AND NOW**, this 13th day of January, 2010, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

    1) The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice to the extent that the petitioner raises claims relating to the excessive use of force and retaliation, as these claims sound in civil rights and are not appropriately addressed by way of a petition for writ of habeas corpus.

    2) The petition for writ of habeas corpus (Doc. 1) is **DENIED** in all other respects.

    3) The Clerk of Court is directed to **CLOSE** this case.

                                                s/Sylvia H. Rambo
                                              United States District Judge